## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BRITT JARRIEL HAMMONS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-21-792-C** |
| | ) | |
| **UNITED STATES OF** | ) | |
| **AMERICA,** | ) | |
| | ) | |
| **Respondent.** | | |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, a federal prisoner appearing pro se, initiated his action under 28 U.S.C. § 2241. *See* Doc. 1 ("Writ of Habeas Corpus for Immediate Release").[1] United States District Judge Robin J. Cauthron referred the matter to the undersigned for initial proceedings under 28 U.S.C. § 636(b)(1). Doc. 3. Because the Court lacks jurisdiction to consider Petitioner's petition, the undersigned recommends the Court dismiss it.

## I.    This Court has no jurisdiction to consider Petitioner's § 2241 petition.

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is

---

[1]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

confined." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (citation omitted). Petitioner is not confined in this district.

When Petitioner filed his petition, he was incarcerated in FCI Beaumont in Beaumont, Texas. Doc. 1 (envelope). Petitioner has since filed a notice of change of address stating he is now incarcerated in FCI Hazelton in Bruceton Mills, West Virginia. Doc. 6. FCI Hazelton, located in Preston County, West Virginia,[2] lies in the Northern District of West Virginia. *See* 28 U.S.C. § 129(a). And Petitioner's original place of confinement in FCI Beaumont, located in Jefferson County, Texas,[3] lies in the Eastern District of Texas, Beaumont Division. *See id.* § 124(c). Thus, this Court lacks jurisdiction over his petition.

"Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice." *Haugh*, 210 F.3d at 1150 (citation and internal

---

[2]    The undersigned judicially notices the location of Bruceton Mills, West Virginia, within Preston County. *See* https://www.wv.gov/local/Pages/counties.aspx?county=Preston; *see also* Fed. R. Evid. 201(b); *United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial . . . .").

[3]    The undersigned judicially notices the location of Beaumont, Texas, within Jefferson County. *See* https://co.jefferson.tx.us/; *see also* Fed. R. Evid. 201(b); *Piggie*, 622 F.2d at 488.

quotation marks omitted). It is within this Court's discretion to determine whether to transfer an action or instead to dismiss the action without prejudice. *See Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006). For the reasons stated below, the undersigned recommends dismissal of this action, rather than a transfer to the district of Petitioner's confinement.

II.   **This Court has no jurisdiction to consider Petitioner's claims challenging the validity of his sentence because Petitioner's claims do not meet 28 U.S.C. § 2255's savings clause exception and Petitioner has not obtained authorization from the Tenth Circuit Court of Appeals to file a second or successive § 2255 motion.**

   **A. Petitioner's claims.**

The Court's review of the petition reveals Petitioner is challenging the validity, not the execution, of his federal sentence. Doc. 1. Petitioner claims that "on or about February 11, 2005," "United States Probation Officer Mr. John E. Carpenter" prepared and presented an "ineffective presentence report" "to the Honorable Stephen P. Friot." Doc. 1, at 4. Petitioner argues that Judge Friot "accepted" this "misleading, [] false, [and] [] fraud[ulent] presentence report" to sentence him on April 27, 2005. *Id.*[4] He contends this "newly discovered evidence" regarding his erroneous criminal history in the

---

[4]   Petitioner argues the presentence report misrepresented his past criminal history. *See id.* at 5-8.

presentence report rendered the basis for his sentence "invalid." *Id.* at 5-10. He seeks "IMMEDIATE[]" release from confinement. *Id.* at 10.

**B. Petitioner's background.**

Petitioner pleaded guilty in this Court to one count of being a felon in possession of a firearm. *See United States v. Hammons*, No. CR-04-172-F (W.D. Okla. April 28, 2005) (*Hammons* I) (Doc. 27). The Court sentenced him on April 28, 2005, to a term of 180 months' imprisonment, to be served consecutively to his state prison terms. *Hammons* I, Doc. 27, at 2.

Petitioner appealed his conviction and sentence to the Tenth Circuit Court of Appeals arguing this Court erred in sentencing him under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See United States v. Hammons*, 153 F. App'x 492 (10th Cir. 2005) (*Hammons* II). The Tenth Circuit affirmed Petitioner's conviction and sentence. *See id.* at 494-95. The United States Supreme Court denied Petitioner's petition for writ of certiorari on March 6, 2006. *Hammons v. United States*, 547 U.S. 1009 (2006) (mem.); s*ee Hammons* I, Doc. 38.

On August 24, 2015, Petitioner filed his first motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *Hammons v. United States*, No. CIV-15-912-F (W.D. Okla. Aug. 24, 2015) (*Hammons* III); *see Hammons* I, Doc. 48. Petitioner argued his prior conviction was not a "violent felony" under the ACCA's residual clause based on the Supreme Court's decision in *Johnson v.*

4

*United States*, 576 U.S. 591 (2015). *Hammons* I, Doc. 48. This Court denied the motion on January 15, 2016, after concluding Petitioner's prior convictions qualified as violent felonies under the elements clause of 28 U.S.C. § 924(e)(2)(B)(i). *Hammons* I, Doc. 55, at 7-8. Petitioner appealed the Court's decision, but the Tenth Circuit affirmed it in a published opinion issued July 7, 2017. *United States v. Hammons*, 862 F.3d 1052, 1057 (10th Cir. 2017). The United States Supreme Court denied Petitioner's petition for writ of certiorari on January 8, 2018. *Hammons v. United States*, 138 S. Ct. 702 (2018) (mem.); *see Hammons* I, Doc. 69.

On May 3, 2018, Petitioner filed in this Court his second § 2255 motion challenging his sentence. *See Hammons v. United States*, No. CIV-18-427-F (W.D. Okla. May 3, 2018) (*Hammons* IV); *see Hammons* I, Doc. 70. This Court dismissed the petition on May 8, 2018, for a lack of jurisdiction. *See United States v. Hammons*, 2018 WL 11149794, at *2 (W.D. Okla. May 8, 2018); *see Hammons* I, Doc. 72, at 2-3. Petitioner had not obtained the Tenth Circuit's authorization before filing his second or successive § 2255 motion. *Hammons*, 2018 WL 11149794, at *2. And this Court declined to transfer the matter to the Tenth Circuit because Petitioner's motion was not based on newly discovered evidence or any new rule of constitutional law applicable to his case. *Id.* (citing 28 U.S.C. § 2255(h)).

On June 5, 2018, the Tenth Circuit declined Petitioner authorization to file a second or successive § 2255 motion. *See Hammons* I, Doc. 75. The Circuit Court held that Petitioner had not satisfied the requirements for authorization under 28 U.S.C. § 2255(h)(2). *Id.* at 3.

On October 8, 2019, the Tenth Circuit again denied Petitioner authorization to file a second or successive § 2255 motion. *See Hammons* I, Doc. 77. The Tenth Circuit found Petitioner's claim of "newly discovered evidence" of his alleged mental health issues when he pleaded guilty lacked merit and thus did not meet the requirements for authorization under 28 U.S.C. § 2255(h)(1). *Id.* at 2.

On August 10, 2020, Petitioner filed his third § 2255 motion to vacate his sentence. *Hammons v. United States*, No. CIV-20-789-F (W.D. Okla. Aug. 10, 2020) (*Hammons* V); *see Hammons* I, Doc. 82. This Court dismissed the motion on August 14, 2020, for a lack of jurisdiction. *United States v. Hammons*, 2020 WL 4741916, at *1-2 (W.D. Okla. Aug. 14, 2020); *see Hammons* I, Doc. 83, at 2. Petitioner appealed and the Tenth Circuit affirmed the decision on January 6, 2021. *See United States v. Hammons*, 833 F. App'x 215, 217 (10th Cir. 2021).

On August 6, 2021, the Tenth Circuit denied Petitioner authorization to file a second or successive § 2255 motion. *See Hammons* I, Doc. 94. Petitioner had sought authorization based on his "alleged discovery of new facts." *Id.* at 1. Petitioner asserted "the pre-sentence report contained an error regarding

his criminal history." *Id.* at 2. The Tenth Circuit found that, even if Petitioner's claim were true, he and his counsel "had access to the pre-sentence report several weeks before his sentencing hearing in April 2005." *Id.* As a result, Petitioner could not "demonstrate that his claim could not have been discovered previously through the exercise of due diligence." *Id.*

### C. Petitioner's attack on the validity of his sentence falls under § 2255, not § 2241, but this Court still lacks jurisdiction to consider the petition.

A petition which "attacks the legality of detention" falls under 28 U.S.C. § 2255 "and must be filed in the district that imposed the sentence." *Haugh*, 210 F.3d at 1149 (citation and internal quotation marks omitted); *see* 28 U.S.C. § 2255(a) (permitting an inmate serving a sentence after conviction of a federal crime to "move the court which imposed the sentence to vacate, set aside or correct the sentence"). This Court imposed Petitioner's sentence, but it cannot grant him relief because: (1) his claims do not fall within § 2255's savings clause so he cannot steer his claims through § 2241; and (2) he has not obtained the Tenth Circuit's authorization to file a second or successive § 2255 motion.

### 1. Petitioner does not establish his claims fall within § 2255's savings clause exception.

A § 2255 motion serves as "the primary vehicle to attack the validity of a federal conviction or sentence." *Guerrero v. English*, 743 F. App'x 207, 209 (10th Cir. 2018); *see also Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011)

("Congress has told us that federal prisoners challenging the validity of their convictions or sentences may seek and win relief only under the pathways prescribed by § 2255."). A federal prisoner "generally is entitled to only one adequate and effective opportunity to test the legality of his detention, in his initial § 2255 motion." *Prost*, 636 F.3d at 586. A federal prisoner must file a § 2255 motion in the district where the petitioner was convicted and sentenced. *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016) (citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010)).

A § 2241 petition differs from a § 2255 petition in that the former is "generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." *Prost*, 636 F.3d at 581. Unlike § 2255, "[§] 2241 does not limit the number of applications a prisoner may bring," but the application must be filed in the district where the prisoner is incarcerated. *Kirkland v. English*, 757 F. App'x 640, 642 (10th Cir. 2018) (citation omitted).

In "rare instances," a federal prisoner may file a § 2241 application to challenge his conviction under § 2255(e)'s savings clause. *Hale*, 829 F.3d at 1165 (internal quotation marks omitted). "[A] federal prisoner may resort to § 2241 to contest his conviction if but only if the § 2255 remedial mechanism is 'inadequate or ineffective to test the legality of his detention.'" *Prost*, 636 F.3d at 580 (quoting § 2255(e)); *see also Dyab v. English*, 769 F. App'x 552, 553 (10th

8

Cir. 2019) ("[F]ederal prisoners like Petitioner can't simply turn to § 2241 as a matter of choice when collaterally attacking their convictions or sentences."), *cert. denied*, 140 S. Ct. 847 (2020).

It is Petitioner's burden to show that the § 2255 remedy is inadequate or ineffective. *Hale*, 829 F.3d at 1170; *see also Dyab*, 769 F. App'x at 553-54 ("A federal prisoner can bypass the stringent requirements on second or successive motions if he can establish that § 2255 'is inadequate or ineffective to test the legality of his detention.'" (quoting § 2255(e))). If Petitioner fails to show he satisfies the § 2255(e) savings clause test, the district court lacks statutory jurisdiction to hear the § 2241 habeas petition challenging the sentence or conviction. *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013).

Under the savings clause, this Court considers "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." *Prost*, 636 F.3d at 584; *see also Kirkland*, 757 F. App'x at 642. "Only in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines*, 609 F.3d at 1073. And "it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative," so "there must be something about the initial § 2255 procedure that itself is inadequate or ineffective for testing a challenge to detention." *Prost*, 636 F.3d at 589.

If Petitioner could have raised in his initial § 2255 motions the same type of argument that he is raising under § 2255(e)'s savings clause, then "[t]he § 2255 remedial vehicle was fully available and amply sufficient to test the argument, whether or not [Petitioner] thought to raise it. And that is all the savings clause requires." *Id.*; *see also Crosby v. True*, 830 F. App'x 571, 573 (10th Cir. 2020) (instructing that if "'a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion . . . then the petitioner may not resort to the savings clause and § 2241'" (quoting *Prost*, 636 F.3d at 584)).

Petitioner does not present one of the rare instances in which the savings clause applies. As discussed above, the Tenth Circuit affirmed Petitioner's conviction and sentence on direct appeal and he sought and the courts denied him § 2255 relief. Petitioner's present claims related to the validity of his sentence could have been tested in his previous motions. *Prost*, 636 F.3d at 584; *see Hammons* I, Doc. 94, at 1-2 (rejecting Petitioner's claims of "new facts" about the presentence report and noting that both Petitioner and his counsel "had access to the pre-sentence report several weeks before his sentencing hearing in April 2005"). And neither the fact that the courts previously denied him § 2255 relief nor the fact that the Tenth Circuit "barred [him] from bringing a second or successive § 2255 motion" satisfies § 2255(e)'s savings clause test. *Crosby*, 830 F. App'x at 573. Thus, Petitioner cannot resort to the

savings clause or § 2241 to pursue his claims. His petition should be dismissed for a lack of jurisdiction. *See Abernathy*, 713 F.3d at 557 ("[W]hen a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings clause test—thus, precluding him from proceeding under § 2241—the court lacks statutory jurisdiction to hear his habeas claims.").

### 2. Petitioner has not obtained the Tenth Circuit's authorization file a second or successive § 2255 motion.

Once an initial § 2255 challenge fails, a prisoner cannot file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that the motion contains:

> newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *Hale*, 829 F.3d at 1165. Assuming Petitioner's reference to "newly discovered evidence" in his petition is his attempt to meet the requirement under § 2255(h) for filing a second or successive motion in this Court (*see* Doc. 1, at 10), he does not state that he has obtained the Tenth's Circuit's authorization to do so. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order

authorizing the district court to consider the application."); *id.* § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."). In fact, the Tenth Circuit has already denied Petitioner authorization to file a second or successive § 2255 motion raising his present challenges to the validity of his sentence. *See Hammons* I, Doc. 94. Without the Tenth Circuit's authorization to proceed, this Court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). The undersigned therefore recommends dismissing the petition.

## III.   **Recommendation and notice of right to object.**

The undersigned recommends dismissing this case for a lack of jurisdiction. The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court **on or before October 26, 2021**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 5th day of October, 2021.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE